MCGUIREWOODS LLP
WILLIAM H. KIEKHOFER #94022
LESLIE M. WERLIN #176595
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone: (310) 315-8200
Facsimile: (310) 315-8210
wkiekhofer@mcguirewoods.com
sgermaise@mcguirewoods.com

Attorneys for Bank of America, N.A.

**MADE JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BANK OF AMERICA, N.A.

Plaintiff,

vs.

G&S CO., a California general partnership a/k/a G & S Co., a California general partnership; MCMAHAN'S FURNITURE CO. – PACOIMA, a California general partnership a/k/a McMahan's Furniture Co. of Pacoima, a California general partnership; PACOIMA LAND COMPANY, LLC, a California limited liability company; MCMAHANS OF GLENDALE, INC., a California corporation a/k/a McMahan's of Glendale Inc., a California corporation a/k/a McMahans of Glendale, a California corporation d/b/a McMahans of Glendale, Inc.; MCMAHAN'S OF SAN FERNANDO, a California corporation a/k/a McMahans of San Fernando, a California corporation d/b/a McMahans of San Fernando, Inc.;

CASE NO. CV10-01901 GW (JEMx)

**JUDGMENT AND DECREE OF FORECLOSURE**

MCMAHANS OF LANCASTER, a California corporation a/k/a McMahan's of Lancaster, a/k/a McMahan's of Lancaster, A California Corporation a/k/a McMahans of Lancaster; MCMAHANS OF CHICO, a California corporation a/k/a McMahan's of Chico a/k/a McMahan's of Chico, A California Corporation; MCMAHANS OF MARYSVILLE, a California corporation a/k/a McMahan's of Marysville a/k/a McMahan's of Marysville, A California Corporation a/k/a McMahans of Marysville; MCMAHAN'S OF EUREKA, A California Corporation a/k/a McMahans of Eureka; MCMAHAN'S FURNITURE CO. – REDDING, LLC, a California limited liability company a/k/a McMahan Furniture Company – Redding a/k/a McMahan's Furniture Co. – Redding, a California Partnership a/k/a McMahans Furniture Co.-Redding, LLC a California limited liability company; MCMAHANS'S FURNITURE CO. – KLAMATH FALLS, LLC, an Oregon limited liability company, a/k/a McMahan's Furniture Co. – Klamath Falls, An Oregon Partnership a/k/a McMahans Furn Co – Klamath Falls; MCMAHAN'S FURNITURE COMPANY – ALBANY, an Oregon general partnership a/k/a McMahan's Furniture Co. – Albany a/k/a McMahan Furniture Company – Albany a/k/a McMahan's Furniture Company – Albany, An Oregon Partnership a/k/a McMahans of Albany; MCMAHANS FURNITURE CO. – KERN, LLC a/k/a McMahans Furniture Co. - Kern, LLC, a California limited liability company;

CONSUMER SECURITY AGENCY, a California general partnership a/k/a Consumer Security Agency, LLC, a California limited liability company; JULIAN A. GANZ, JR. a/k/a Julian Angleman Ganz a/k/a Julian Ganz a/k/a Julian J Ganz a/k/a J A Ganz; JOANN GANZ a/k/a Joann S. Ganz a/k/a Joann Schaff Ganz a/k/a Jo Ann Schaaf a/k/a Ganz Jo Schaaf a/k/a Joann Schaaf-Ganz a/k/a Joann Schaa Ganz a/k/a Ganz J. Schaaf a/k/a Jo Ann Schaaf Ganz a/k/a Jo Ann Schaaf,

Defendants.

The parties in this action having stipulated in writing, and the Court having reviewed and considered the stipulation, and finding it to be in good order and proper,

**IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. As of the date of this judgment and decree of foreclosure (the "Judgment and Decree") there is due and owing to Plaintiff Bank of America, N.A., ("the Bank") from each of the defendants identified on Exhibit "A", attached hereto and incorporated herein by reference ("Defendants"), jointly and severally, the sum (calculated as of June 3, 2010) of $10,073,073.40 principal, plus non-accelerated, past due interest of $470,653.13, plus attorney fees and costs ("the Adjudicated Amount").

2. The Adjudicated Amount, plus any recoverable post-Adjudicated Amounts related thereto, including but not limited to post-Judgment and Decree interest and attorney fees ("the Full Adjudicated Amount"), is and shall continue to be secured by liens previously granted by the Defendants in favor of the Bank upon

both the real property identified in Exhibit "B" attached hereto and incorporated herein by reference ("the Real Property Collateral") and the personal property identified in Exhibit "C" attached hereto and incorporated herein by reference ("the Personal Property Collateral") (the Real Property Collateral and the Personal Property Collateral, collectively, "the Collateral") with priority over any interest or lien of any of the Defendants.  The Bank may file or record such instruments and documents as it deems necessary or appropriate to give notice of this Judgment and Decree and protect its (and the Receiver's) interests in the Collateral.  None of the Bank's existing liens or security interests on any of the Collateral are extinguished or diminished by entry of this Judgment and Decree or any proceedings or sales conducted under this Judgment and Decree, nor shall their priority on the Collateral be affected or altered by entry of this Judgment and Decree or the conduct of such proceedings or sales.

3. No part of the Full Adjudicated Amount may be recovered against the Defendants personally or from any of their assets, other than from the Collateral.

4. Upon the issuance by this Court or the court for the District of Oregon of one or more writs of sale as requested by the Bank (and in such order as the Bank may determine) with respect to any portion of the Collateral, the Collateral, or so much of it as may be necessary to satisfy the Full Adjudicated Amount, shall be sold by the levying officers of this Court or, with respect to the portion of the Collateral located in Oregon, of the United States District Court for the District of Oregon. The Bank (or its assignee) may be a purchaser at any such sale, and may credit bid any portion of the Full Adjudicated Amount at such sale insofar as the Bank in its discretion determines to bid.  From the proceeds of the sale, the levying officer shall deduct the expenses of the sale, amounts sufficient to pay and satisfy any liens on that portion of the Collateral which have priority over the liens of the Bank (such as liens for property taxes on such portion of the Collateral), and then pay the

remainder to the Bank on account of the Full Adjudicated Amount.  If any surplus remains from sales of Collateral after satisfaction in full of the Full Adjudicated Amount, the levying officer shall pay the next funds to the holders of the second liens on the Collateral, Julian and JoAnn Ganz, and, after their liens are satisfied in full, shall pay the next proceeds to the owner of the portion of the Collateral whose sale produced the surplus.

5. On completion of the sale of any portion of the Collateral, the levying officer shall execute and deliver to the purchaser at the sale, and the purchaser may record, a certificate of sale to or as directed by the purchaser, who may then take possession of that portion of the Collateral, if necessary, with the assistance of the levying officer.  If the Bank is the successful bidder at the sale the Bank may designate in writing to the levying officer at or after the sale an entity through which it will take the certificate of sale to that portion of the Collateral.   Upon the conclusion of the sale, Defendants, and all persons claiming under them or having liens subsequent to the liens of the Bank, shall be forever barred and foreclosed from all equity of redemption in, and claim to, that portion of the Collateral and every part of it, Defendants having waived their rights of redemption and all notices in respect thereto by their Stipulation filed concurrently herewith.

6. With respect to the Real Property Collateral located in California, the Bank may in its discretion, but is not required to, proceed with fair value hearings pursuant to California Code of Civil Procedure Sec. 726, and with respect to the Real Property Collateral located in Oregon, the Bank may in its discretion, but is not required to proceed with any applicable post-Judgment and Decree procedures to establish value of Collateral under Oregon law, in the event the Bank forecloses on any of the Real Property Collateral pursuant to paragraphs 4 and 5 hereof.

6. In addition to the procedures set forth in paragraphs 4 and 5 hereof, in the Bank's discretion, it may seek recovery of the Full Adjudicated Amount by the following:

(a) Any part, or all, of the Collateral may be collected, assigned, sold or otherwise disposed of pursuant to laws and procedures for non-judicial foreclosure in the *situs* of such Collateral, in any order, and in one or more separate or unified sales.

(b) Any part, or all, of the Collateral, or as much as may be necessary or as much as the Bank determines to be appropriate, may be sold by the Receiver appointed by this Court by order entered June 3, 2010 ("the Receiver") in accordance with the provisions of the Stipulation for Order Appointing Receiver and Preliminary Injunction; Order Thereon entered herein on June 3, 2010 as Docket Nos. 43 and 48 (the "Receivership and Preliminary Injunction Order").

6. The Receivership and Preliminary Injunction Order shall remain in full force and effect until the earlier of the payment in full of the Full Adjudicated Amount and the Discharge of the Receiver. The Receiver shall retain the full powers, duties and immunities afforded by the Receivership and Preliminary Injunction Order and is authorized to take any actions as provided in the Receivership and Preliminary Injunction Order to protect, maintain or sell the Collateral or any portion thereof, or in aid of the Bank's or any levying officer's execution on this Judgment and Decree.

///
///
///
///
///
///

7. The Preliminary Injunction contained in the Receivership and Preliminary Injunction Order is hereby made a permanent injunction effective until the later of the satisfaction of the Full Adjudicated Amount or the discharge of the Receiver as provided in the Receivership and Preliminary Injunction Order.

Dated: June 21, 2010

George H. Wu
United States District Judge

**EXHIBIT "A"**

G&S Co., a California general partnership a/k/a G & S Co., a California general partnership.

McMahan's Furniture Co. – Pacoima, a California general partnership a/k/a McMahan's Furniture Co. of Pacoima, a California general partnership.

Pacoima Land Company, LLC, a California limited liability company.

McMahans of Glendale, Inc., a California corporation a/k/a McMahan's of Glendale Inc., a California corporation a/k/a McMahans of Glendale, a California corporation d/b/a McMahans of Glendale, Inc.

McMahan's of San Fernando, a California corporation a/k/a McMahans of San Fernando, a California corporation d/b/a McMahans of San Fernando, Inc.

McMahans of Lancaster, a California corporation a/k/a McMahan's of Lancaster, a/k/a McMahan's of Lancaster, A California Corporation a/k/a McMahans of Lancaster.

McMahans of Chico, a California corporation a/k/a McMahan's of Chico a/k/a McMahan's of Chico, A California Corporation.

McMahans of Marysville, a California corporation a/k/a McMahan's of Marysville a/k/a McMahan's of Marysville, A California Corporation a/k/a McMahans of Marysville.

McMahan's of Eureka, a California Corporation a/k/a McMahans of Eureka,

McMahan's Furniture Co. – Redding, LLC, a California limited liability company a/k/a McMahan Furniture Company – Redding a/k/a McMahan's Furniture Co. – Redding, a California Partnership a/k/a McMahans Furniture Co.-Redding, LLC a California limited liability company.

McMahans's Furniture Co. – Klamath Falls, LLC, an Oregon limited liability company, a/k/a McMahan's Furniture Co. – Klamath Falls, An Oregon Partnership a/k/a McMahans Furn Co – Klamath Falls.

McMahan's Furniture Company – Albany, an Oregon general partnership a/k/a McMahan's Furniture Co. – Albany a/k/a McMahan Furniture Company – Albany a/k/a McMahan's Furniture Company – Albany, An Oregon Partnership a/k/a McMahans of Albany.

McMahans Furniture Co. – Kern, LLC a/k/a McMahans Furniture Co. - Kern, LLC, a California limited liability company.

Consumer Security Agency, a California general partnership a/k/a Consumer Security Agency, LLC, a California limited liability company,

Julian A. Ganz, Jr. a/k/a Julian Angleman Ganz a/k/a Julian Ganz a/k/a Julian J Ganz a/k/a J A Ganz.

Joann Ganz a/k/a Joann S. Ganz a/k/a Joann Schaff Ganz a/k/a Jo Ann Schaaf a/k/a Ganz Jo Schaaf a/k/a Joann Schaaf-Ganz a/k/a Joann Schaa Ganz a/k/a Ganz J. Schaaf a/k/a Jo Ann Schaaf Ganz a/k/a Jo Ann Schaaf.

**EXHIBIT "B"**
**REAL PROPERTY COLLATERAL**

43364 10th Street West, Lancaster, California 93534

APN: 3128-003-037

Real property in the City of Lancaster, County of Los Angeles, State of California, described as follows:

PARCEL 1:

THE NORTH HALF OF THE NORTH HALF OF THE NORTHWEST QUARTER OF THE SOUTHWEST QUARTER OF THE NORTHWEST QUARTER OF SECTION 27, TOWNSHIP 7 NORTH, RANGE 12 WEST, SAN BERNARDINO MERIDIAN, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, ACCORDING TO THE OFFICIAL PLAT OF SAID LAND APPROVED BY THE SURVEYOR GENERAL ON JUNE 19, 1856.

SAID LAND IS SHOWN AS A PORTION OF LOT “A’ AND STREET ADJOINING ON MAP OF TRACT NO. 705.

PARCEL 2:

THE SOUTH ONE-HALF OF THE NORTH HALF OF THE NORTHWEST QUARTER OF THE SOUTHWEST QUARTER OF THE NORTHWEST QUARTER OF SECTION 27; TOWNSHIP 7 NORTH, RANGE 12 WEST, SAN BERNARDINO MERIDIAN, ACCORDING TO THE OFFICIAL PLAT OF SAID LAND APPROVED BY THE SURVEYOR GENERAL ON JUNE 19, 1856.

SAID LAND IS SHOWN AS A PORTION OF LOT “A” AND STREET ADJOINING ON MAP OF TRACT NO. 705.

1570 Charles Drive, Redding, California 96003

APN: 114-330-036

Real property in the City of Redding, County of Shasta, State of California, described as follows:

PARCEL I:

ALL BUILDINGS AND IMPROVEMENTS, WHICH ARE AND SHALL REMAIN REAL PROPERTY SITUATED ON THE FOLLOWING DESCRIBED REAL PROPERTY:

BEING PARCEL 3 AS SHOWN ON THAT CERTAIN PARCEL MAP #LS-65-88, RECORDED IN BOOK 27 OF PARCEL MAPS AT PAGE 22, SHASTA COUNTY RECORDS, AND PARCEL 16 AS SHOWN ON THAT CERTAIN PARCEL MAP #9-79 RECORDED IN BOOK 21 OF PARCEL MAPS AT PAGE 47, SHASTA COUNTY RECORDS, SITUATE IN THE NORTHEAST ONE-QUARTER OF SECTION 13, TOWNSHIP 32 NORTH, RANGE 5 WEST, M.D.M., IN THE CITY OF REDDING, SHASTA COUNTY, CALIFORNIA, MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHEAST CORNER OF SAID PARCEL 16; THENCE ALONG THE SOUTH LINE OF SAID PARCEL 16, SOUTH 88°57’55” WEST, A DISTANCE OF 267.93 FEET TO THE SOUTHWEST CORNER OF SAID PARCEL 16; THENCE ALONG THE WEST LINE OF SAID PARCEL 16, NORTH 01°02’05” WEST, A DISTANCE OF 345.00 FEET TO THE NORTHWEST CORNER OF SAID PARCEL 16, SAID CORNER ALSO BEING THE SOUTHWEST CORNER OF SAID PARCEL 3; THENCE ALONG THE WEST LINE OF SAID PARCEL 3, NORTH 01°02’05” WEST, A DISTANCE OF 228.93 FEET TO THE NORTHWEST CORNER OF SAID PARCEL 3; THENCE ALONG THE NORTH LINE OF SAID PARCEL 3, NORTH 88°57’55” EAST, A DISTANCE OF 268.01 FEET TO THE NORTHEAST CORNER OF SAID PARCEL 3; THENCE ALONG THE EAST LINE OF SAID PARCEL 3, SAID LINE ALSO BEING THE WEST LINE OF CHARLES DRIVE AS SHOWN ON SAID PARCEL MAP #LS-65-88, SOUTH 01°02’05” EAST, A DISTANCE OF 228.96 FEET TO THE SOUTHEAST CORNER OF SAID PARCEL 3, SAID CORNER ALSO BEING THE NORTHEAST CORNER OF SAID PARCEL 16; THENCE ALONG THE EAST LINE OF SAID PARCEL 16, SAID

LINE ALSO BEING THE WEST LINE OF CHARLES DRIVE AS SHOWN ON SAID PARCEL MAP #9-79, SOUTH 01°02’05” EAST, A DISTANCE OF 345.00 FEET TO THE POINT OF BEGINNING.

PARCEL II:

THE LAND SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF SHASTA, CITY OF REDDING, WHICH IS DESCRIBED AS FOLLOWS:

BEING PARCEL 3 AS SHOWN ON THAT CERTAIN PARCEL MAP #LS-65-88, RECORDED IN BOOK 27 OF PARCEL MAPS AT PAGE 22, SHASTA COUNTY RECORDS, AND PARCEL 16 AS SHOWN ON THAT CERTAIN PARCEL MAP #9-79 RECORDED IN BOOK 21 OF PARCEL MAPS AT PAGE 47, SHASTA COUNTY RECORDS, SITUATE IN THE NORTHEAST ONE-QUARTER OF SECTION 13, TOWNSHIP 32 NORTH, RANGE 5 WEST, M.D.M., IN THE CITY OF REDDING, SHASTA COUNTY, CALIFORNIA, MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHEAST CORNER OF SAID PARCEL 16; THENCE ALONG THE SOUTH LINE OF SAID PARCEL 16, SOUTH 88°57’55” WEST, A DISTANCE OF 267.93 FEET TO THE SOUTHWEST CORNER OF SAID PARCEL 16; THENCE ALONG THE WEST LINE OF SAID PARCEL 16, NORTH 01°02’05” WEST, A DISTANCE OF 345.00 FEET TO THE NORTHWEST CORNER OF SAID PARCEL 16, SAID CORNER ALSO BEING THE SOUTHWEST CORNER OF SAID PARCEL 3; THENCE ALONG THE WEST LINE OF SAID PARCEL 3, NORTH 01°02’05” WEST, A DISTANCE OF 228.93 FEET TO THE NORTHWEST CORNER OF SAID PARCEL 3; THENCE ALONG THE NORTH LINE OF SAID PARCEL 3, NORTH 88°57’55” EAST, A DISTANCE OF 268.01 FEET TO THE NORTHEAST CORNER OF SAID PARCEL 3; THENCE ALONG THE EAST LINE OF SAID PARCEL 3, SAID LINE ALSO BEING THE WEST LINE OF CHARLES DRIVE AS SHOWN ON SAID PARCEL MAP #LS-65-88, SOUTH 01°02’05” EAST, A DISTANCE OF 228.96 FEET TO THE SOUTHEAST CORNER OF SAID PARCEL 3, SAID CORNER ALSO BEING THE NORTHEAST CORNER OF SAID PARCEL 16; THENCE ALONG THE EAST LINE OF SAID PARCEL 16, SAID

LINE ALSO BEING THE WEST LINE OF CHARLES DRIVE AS SHOWN ON SAID PARCEL MAP #9-79, SOUTH 01°02’05” EAST, A DISTANCE OF 345.00 FEET TO THE POINT OF BEGINNING.

EXCEPTING THEREFROM ALL BUILDINGS AND IMPROVEMENTS, WHICH ARE AND SHALL REMAIN REAL PROPERTY.

2445 W. Harvard Avenue, Roseburg, Oregon 97470

Tax Parcel Number: R14209

Real Property in the County of Douglas, State of Oregon, described as follows:

That portion of the Northeast quarter of the Northwest quarter of Section 23, Township 27 South, Range 6 West of the Willamette Meridian, City of Roseburg, County of Douglas and State of Oregon, described as follows: BEGINNING at a point on the South line of Harvard Avenue, which is South 865.0 feet North 88° 02’ East 80.4 feet and North 88° 08’ East 523.79 feet from the Northwest corner of the John Leiser Donation Land Claim No. 53, In Township 27 South, Range 6 West, Willamette Meridian, said point being the Northeast corner of lands conveyed to Marks, Inc., as recorded in Volume 259, Recorder’s No. 222697, Deed Records of Douglas County, Oregon; thence South 1° 07’ 30” East 406.42 feet along the East line of said Marks Inc. lands; thence North 87° 38’ East 95.96 feet to the Southwest corner of Pleasant View, Douglas County, Oregon; thence North 1° 02’ West along West line of Pleasant View, 406.0 feet to a point on the South line of Harvard Avenue; thence South 88° 08’ West along said South line 104.0 feet to the point of beginning.

EXCEPTING THEREFROM that portion as conveyed to the City of Roseburg for Harvard Avenue widening, and more particularly described in Deed recorded August 10, 1972, in Book 500, records of Douglas County, Oregon, Recorder’s No. 72-11371.

6320 South 6th Street, Klamath Falls, Oregon 97603

Tax Parcel Number: R508105

Real property in the County of Klamath, State of Oregon, described as follows:

Parcel 1:

A tract of land described as follows: Beginning at an iron pin which marks the Northeast corner of Tract 63 of Roland Park and which iron pin lies North 0º51' West along the 40 line a distance of 542.3 feet and North 89º09' East a distance of 287.2 feet from the iron axle which marks the Southwest corner of the NE 1/4 SW 1/4 of Section 1, Township 39 South, Range 9 East of the Willamette Meridian, and running thence North 45º09' East a distance 299.6 feet to an iron pin which lies on the Southwesterly right of way line of the State Highway, 40 feet at right angles from the brass plug in the center line of the highway; thence in a Northwesterly direction following 3°11' curve to the left along the Southwesterly right of way line of the State Highway a distance of 150 feet (the long chord of this curve bears North 48º32' West a distance of 149.96 feet) to an iron pin; thence South 45º 09' West a distance of 221.6 feet to an iron pin; thence South 20º18' East a distance of 164.5 feet, more or less, to the point of beginning, said tract being a portion of the NE 1/4 SW 1/4 of Sec. 1, Twp. 39 S., R. 9 E.W.M., and

Beginning at an iron pin which marks the Southeast comer of Tract 63, Roland Park, and which iron pin lies North 0º51' West along the 40 line a distance of 462.3 feet and North 89°09' East a distance of 262.2 feet from the iron axle which marks the Southwest corner of the NE 1/4 SW 1/4 of Section 1, Township 39 South, Range 9 East of the Willamette Meridian, and running thence North 16°33' East along the Easterly line of above mentioned Tract 63, a distance of 83.8 feet to an iron pin; thence North 45°09' East a distance of 299.6 feet to an iron pin on the Southerly right of way line of the Klamath Falls-Lakeview Highway; thence following the Southerly right of way line of the highway the following bearings and distances; South 46º09' East a distance of 13.5 feet to an iron pin; thence North 43°51' East a distance of 10 feet to an iron pin; and South 46°09' East a distance of 216.5 feet to an iron pin; thence South 43°51' West a distance of 384 feet to an iron pin; thence North 46º 09' West a distance of 198.4 feet more or

less to the point of beginning, said tract in the NE 1/4 SW 1/4 of Section 1, Township 39 South, Range 9 East of the Willamette Meridian.

EXCEPTING THEREFROM, that tract conveyed to the State of Oregon in Deed recorded January 11, 1972 in Volume M-72 on page 342, Deed records of Klamath County, Oregon.

Parcel 2:

A tract of land situated in the NE 1/4 SW 1/4 of Section 1, Township 39 South, Range 9 East of the Willamette Meridian, Klamath County, Oregon, being more particularly described as follows:

Beginning at a point situated N. 00º51' W 462.3 feet, N. 89º06' E. 262.2 feet, and S. 46°09' E. 198.4 feet from the Southwest corner of the said NE 1/4 SW 1/4 of Section 1; thence continuing S. 46°09' E. 106.00 feet; thence N. 43°51' E. 150.00 feet; thence N. 46º09' W. 106.00 feet; thence S. 43°51' W. 150.00 feet to the point of beginning, containing 0.37 acres, with bearings based on recorded Survey No. 625, as recorded in the office of the Klamath County Surveyor.

**EXHIBIT "C"**
**PERSONAL PROPERTY COLLATERAL**

**2003 Standing Loan Agreement**

(a) All accounts, contract rights, chattel paper, instruments, deposit accounts, and general intangibles, including all amounts due to the Pledgor from an account party; and all returned or repossessed goods, which, on sale or lease, resulted in an account or chattel paper.

(b) All of the deposit accounts with the Bank. The Collateral shall include any renewals or rollovers of the deposit accounts, any successor accounts, and any general intangibles and choses in action arising therefrom or related thereto.

(c) All rights to payment of money from Bank under any swap contract and all other accounts, general intangibles and other goods underlying, embodied in or related to any Swap Contract.

(d) All instruments, notes, chattel paper, documents, certificates of deposit, liens, security agreements, leases and other contracts securing or otherwise relating to any of the foregoing Collateral.

(e) All substitutes or replacements for any of the foregoing Collateral, all cash or non-cash proceeds, product, rents and profits of any of the foregoing Collateral, all income, benefits and property receivable on account of the foregoing Collateral, all rights under warranties and insurance contracts covering the foregoing Collateral, and any causes of action relating to the foregoing Collateral.

(f) All books and records pertaining to any Collateral, including, but not limited to any computer readable memory and any computer hardware or software necessary to process such memory

**Revolving Loan Agreement**

(a) all Accounts;

(b) all Chattel Paper, including electronic chattel paper;

(c) all Commercial Tort Claims;

(d) all Deposit Accounts;

(e) all Documents;

(f) all General Intangibles, including Payment Intangibles, Software and Intellectual Property;

(g) all Goods, including Inventory, Equipment and fixtures;

(h) all Instruments;

(i) all Investment Property;

(j) all Letter-of-Credit Rights;

(k) all Supporting Obligations;

(l) all monies, whether or not in the possession or under the control of Plaintiff or any Affiliate of Plaintiff, including any Cash Collateral;

(m) all accessions to, substitutions for, and all replacements, products, and cash and non-cash proceeds of the foregoing, including proceeds of and unearned premiums with respect to insurance policies, and claims against any Person for loss, damage or destruction of any Collateral; and

(n) all books and records (including customer lists, files, correspondence, tapes, computer programs, print-outs and computer records) pertaining to the foregoing.